## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| KASEY JOHNSON, *individually and on behalf of all others similarly situated*,<br><br>                              Plaintiff,<br><br>    v.<br><br>CAVALRY PORTFOLIO SERVICES, LLC,<br><br>                              Defendant. | Civil Action No: 3:23-cv-1130<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Kasey Johnson (hereinafter, "Plaintiff") brings this Class Action Complaint by and through her attorneys against Defendant Cavalry Portfolio Services, LLC, (hereinafter, "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1.      Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." *Id*. at §§ 1692(b) & (c).

1

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* at § 1692(e). After determining that the existing consumer protection laws were inadequate, *see id.* at § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* at § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 *et seq*. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Defendant primarily transacts business, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.      Plaintiff brings this class action pursuant to § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA").

6.      Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.      Plaintiff is a resident of the State of Oregon.

8.      Plaintiff is a "person" as the term is used in 15 U.S.C. § 1692d.

9.      Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692a(6) and used in the FDCPA, with an address for service c/o CT Corporation System, located at 67 Burnside Ave, East Hartford, CT, 06108.

10.     Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

11.     Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12.     The Class consists of:

    a.     all individuals;

    b.     who sent the Defendant a request to validate or verify an alleged debt;

    c.     for which the Defendant's response provided incomplete, inconsistent, or mistaken balance information regarding the alleged debt, in violation of the FDCPA; and

    d.     which communications were sent on or after a date one year prior to the filing of this action and on or before a date twenty-one days after the filing of this action.

13.     The identities of all Class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

14.     Excluded from the Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15.     There are questions of law and fact common to the Class, which common questions predominate over any questions or issues involving only individual class members. The principal

issue is whether the Defendant's communications to consumers, similar in form to the attached Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

16.     Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor her attorneys, have any interests that might cause them not to vigorously pursue this action.

17.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

        a.     **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Class defined above is so numerous that joinder of all members would be impractical.

        b.     **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form to the attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

        c.     **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff, and all members of the Class, have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d.    **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues and class actions. Neither the Plaintiff, nor her counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

e.    **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21.     Prior to August 24, 2022, Plaintiff contacted the Defendant to receive verification documents to an alleged obligation Defendant was collecting upon.

22.     On August 24, 2022, Defendant mailed a letter enclosed with documents to verify the alleged debt. A true and accurate copy of the letter is attached as Exhibit A, hereinafter, the "Letter."

23.     This Letter states "this is an attempt to collect a debt."

24.     The Letter includes information about the alleged debt which misrepresents the characteristics of the alleged debt.

25.     According to the Letter, the last payment made on the alleged debt was for $46.52 on February 26, 2018.

26.     According to the Letter, the balance of the alleged debt was $2,124.05 at the charge off date of September 11, 2018.

27.     According to the Letter, the amount owed on the alleged debt is $2,079.62

28.     The calculation for the amount due ($2,079.62) was not provided, and it is not reasonably calculatable from the information provided in the letter.

29.     The balance at the time of charge off ($2,124.05) minus the last payment made ($46.52) equals $2,077.53.

30.     This calculation does not match the total amount owed according to Defendant's Letter.

31.     Defendant does not clarify whether the last payment made was offset from the charge off balance or offset from the total amount owed.

32.     The balance that was charged off was done on September 11, 2018, after the final payment of $46.52 was made on February 26, 2018.

33.    However, the Defendant states in the Letter that the total amount of debt owed is $2,079.62.

34.    Defendant does not provide its basis for supporting its contention that this is the total amount owed on the alleged debt.

35.    The Plaintiff was unsure exactly what amount was owed.

36.    The alleged debt was incurred solely for personal, household or family purposes.

37.    The subject obligations are consumer-related, and therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

38.    Upon information and belief, Cavalry SPV I, LLC purchased this debt and assigned it to the Defendant for the purpose of collecting this debt. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

39.    Defendant uses the instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts. Defendant also regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

40.    Pursuant to § 1692g(a)(1), Defendant is required to inform the Plaintiff of the amount owed on the alleged debt.

41.    Because the Letter misrepresents that amount for the alleged debt, Defendant's Letter violates § 1692g(a)(1) because it fails to properly inform the Plaintiff on the total amount owed on the alleged debt.

42.    Accordingly, Plaintiff was not made aware of the total amount of the alleged debt within five days of Defendant's initial communication, in violation of § 1692g(a)(1).

43.    Pursuant to § 1692g(b):

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any

portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

44.    Accordingly, from the clear language of § 1692g(b), Defendant must cease all collection activities until it verifies the disputed debt.

45.    A debt collector verifies a debt by providing information that is responsive to the consumer's request, 15 U.S.C. § 1692g(b).

46.    Until a proper verification is provided, a debt collector must cease collection of a debt when verification is requested. *See* § 1692g(b).

47.    The Letter states " Per you request please find enclosed verification of your debt. You account is now subject to resumption of collection efforts."

48.    The Letter fails to clearly explain what amount is currently owed and the breakdown of the balance only confuses the consumer further as to the proper balance owed.

49.    Defendant's continued collection actions without proper validation violates the FDCPA.

50.    Pursuant to 15 U.S.C. § 1692e(2)(A), a debt collector violates the FDCPA when it makes a false representation regarding the "the character, amount, or legal status of any debt."

51.    Defendant violated § 1692e(2)(A) when it misrepresented that amount owed on the alleged debt to Plaintiff.

52.    Pursuant to § 1692f, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

53.    By engaging in collection activities after receiving notice of the dispute over the alleged debt and by not, Defendant violated § 1692f.

54.    Accordingly, Defendant's conduct violated multiple provisions of the FDCPA.

55.    Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

56.    The harms caused by Defendant have a close relationship with various harms traditionally recognized as providing a basis for lawsuit in American courts.

57.    As it relates to this case, the common-law analogues are to the traditional torts of fraud, negligent infliction of emotional distress, invasion of privacy, and nuisance.

58.    For the purposes of this action, only a close relationship to common law harm is needed, not an exact duplicate.

59.    Plaintiff suffered various emotional harms including, but not limited to, increased heartrate, difficulty with sleep, anxiety, and stress associated with continued collection actions without proper validation of the debt.

60.    Defendant's conduct demonstrated a reckless disregard for causing Plaintiff to suffer from emotional stress.

61.    Defendant's violations were knowing, willful, negligent, and/or intentional, and Defendant did not maintain policies and procedures reasonably adapted to avoid any such violations.

62.    Defendant's collection efforts with respect to the alleged debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to not be misled or treated unfairly with respect to any action for the collection of any consumer debt.

63.     Defendant's conduct with respect to its collection efforts were material in that the same affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts.

64.     Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

65.     Defendant's communications further caused distress, embarrassment, humiliation, disruption, and other damages and consequences.

66.     Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be harassed or treated unfairly in connection with the collection of a debt.

67.     Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with a legally protected right to not suffer an invasion of privacy in connection with the collection of a debt.

68.     In reliance on Defendant's conduct, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over her funds.

69.     In reliance on Defendant's conduct, Plaintiff expended time and money in an effort to mitigate the risk of future financial and reputational harm in the form of debt collection informational furnishment, and ultimate dissemination, to third parties.

70.     Based on Defendant's failure to communicate the proper information with the Plaintiff, the Plaintiff expended time, money, and resources to determine how to respond to Defendant's debt collection activities.

71.     As a result of Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e *et seq.*

72.    Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

73.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated the various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

74.    Pursuant to 15 U.S.C. § 1692e, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

75.    Pursuant to 15 U.S.C. § 1692e(2)(A), a debt collector violates the FDCPA when it makes a false representation regarding the "the character, amount, or legal status of any debt."

76.    Defendant violated § 1692e(2)(A) when it misrepresented to Plaintiff that a debt is due and owing by Plaintiff to the Defendant.

77.    Defendant violated § 1692e:

    a.    By sending the Letter which misrepresents the character, amount, and legal status of the alleged debt;

    b.    By failing to maintain policies and procedures that were reasonably calculated to respond to requests for verification with accurate and truthful representations of an alleged debt.

78.    By reason thereof, Defendant is liable to Plaintiff and the Class for judgment in that Defendant's conduct violated 15 U.S.C. § 1692e *et seq.* of the FDCPA, and includes actual damages, statutory damages, costs, and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. § 1692f *et seq.***

79.    Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

80.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated the various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

81.    Pursuant to 15 U.S.C. § 1692f, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

82.    Additionally, 15 U.S.C. § 1692f(1) prevents debt collectors from collecting any amount that is not "expressly authorized by the agreement creating the debt or permitted by law."

83.    Defendant violated 15 U.S.C. § 1692f:

    a.    By unfairly and unconscionably attempting to collect a total amount on an alleged debt without verifying the total amount that was due and owing;

    b.    By failing to maintain policies and procedures that were reasonably calculated to respond to requests for verification with accurate and truthful representations of an alleged debt.

84.    By reason thereof, Defendant is liable to Plaintiff and the Class for judgment in that Defendant's conduct violated 15 U.S.C. § 1692f *et seq.* of the FDCPA, which includes actual damages, statutory damages, costs, and attorneys' fees.

## <u>COUNT III</u>

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. § 1692g *et seq.***

85.    Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

86.     Defendant's debt collection efforts directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

87.     Pursuant to 15 U.S.C. § 1692g(a):

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing (1) the amount of the debt. . .

88.     Pursuant to 15 U.S.C. § 1692g(b):

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

89.     Defendant violated 15 U.S.C. § 1692g:

   a.     By failing to include the amount owed on the alleged debt because the Letter does not accurately state the total remaining amount owed;

   b.     By attempting to collect on an alleged debt without providing a proper verification of the alleged debt and the amount owed.

90.     By reason thereof, Defendant is liable to Plaintiff and the Class for judgment in that Defendant's conduct violated 15 U.S.C. § 1692g *et seq.* of the FDCPA, which includes actual damages, statutory damages, costs, and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

91.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Kasey Johnson, individually and on behalf of all others similarly situated, demands judgment from Defendant as follows:

a.    Declaring that this action is properly maintained as a Class Action and certifying the Plaintiff as Class Representative, and the undersigned Attorneys as Class Counsel;

b.    Awarding the Plaintiff and the Class actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

c.    Awarding the Plaintiff and the Class statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

d.    Awarding the Plaintiff costs for this Action, including reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

e.    Providing declaratory relief for the Plaintiff and the Class by stating that Defendant violated the FDCPA pursuant to 28 U.S.C. § 2201; and

f.    Awarding the Plaintiff and the Class any such other and further relief as this Court may deem just and proper.

Dated:  August 24, 2023                          Respectfully Submitted,
                                                 */s/ Yaakov Saks*
                                                 Yaakov Saks, Esq.
                                                 Stein Saks, PLLC
                                                 One University Plaza, Suite 620
                                                 Hackensack, NJ 07601
                                                 P. (201) 282-6500
                                                 F. (201) 282-6501
                                                 ysaks@steinsakslegal.com
                                                 *Attorney for Plaintiff*